UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHERYL BURTON,

                  Plaintiff,

-against-                                      21 **CIVIL** 1475 (KMK)

## JUDGMENT

COUNTY OF WESTCHESTER, et al.,

                  Defendants.
-----------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion & Order dated June 29, 2022, County Defendants' Motion is denied in part and granted in part. Specifically, the Motion To Dismiss the federal claims against County Defendants is granted and the Motion to sever state law claims is denied, though the Court nonetheless dismisses Plaintiff's state law claims against County Defendants. Plaintiff has already amended his complaint after receiving a pre-motion letter from County Defendants wherein County Defendants previewed their intention to move for dismissal on the grounds identified above. (*See* Dkt. Nos. 9 (County Defendants request a pre-motion conference for a motion to dismiss); 11 (Plaintiff requests time to amend the Complaint in response to the pre-motion letter).) Accordingly, the dismissal is with prejudice. *See Jones v. Cuomo*, 542 F. Supp. 3d 207, 226 (S.D.N.Y. 2021) (granting a motion to dismiss with prejudice because "[the] [p]laintiff has previously amended his complaint, but his [a]mended [c]omplaint fails to state a claim on which relief can be granted. Moreover, [the] [p]laintiff was put on notice of the deficiencies in his [a]mended [c]omplaint by [the] [d]efendants' September 14, 2020 letter previewing their anticipated motion to dismiss, but instead opted to oppose the motion rather than to seek leave to amend" (citations omitted)); *Wiese v. Kelley*, No. 08-CV-6348, 2009 WL 2902513, at *9 n.5 (S.D.N.Y. Sept. 10, 2009) (dismissing a "[p]laintiff's claims with prejudice" where "[t]he [c]ourt previously permitted [the] [p]laintiff to amend his

original [c]omplaint after being served with [the] [d]efendant's premotion letter, which made [the] [p]laintiff aware of the fact that [the] [d]efendant intended to argue [the same arguments made in the motion to dismiss the amended complaint], as the "[a]mended [c]omplaint failed to address the deficiencies identified in [the] [d]efendant's pre-motion letter"); *see also Binn v. Bernstein*, No. 19-CV-6122, 2020 WL 4550312, at *34 (S.D.N.Y. July 13, 2020) ("To grant [the] [p]laintiffs leave to amend would be allowing them a 'third bite at the apple,' which courts in this district routinely deny." (collecting cases)), *report and recommendation adopted*, 2020 WL 4547167 (S.D.N.Y. Aug. 6, 2020); *cf. Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257–58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first. Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim." (alteration, footnote, and quotation marks omitted)); accordingly, the case is closed.

Dated:   New York, New York

       June 29, 2022

 

**RUBY J. KRAJICK**

**Clerk of Court**

BY: *K. Mango*

**Deputy Clerk**